Latta v. Pierce.

S. R. LATTA v. GEORGE W. PIERCE.

RENTS. *Sale of land.* Upon a sale of land by the chancery court the purchaser is entitled to rent from the time when the right of possession attaches. If the decree of confirmation postpones the possession of the purchaser, he will not be entitled to rent from confirmation, but from right to possession.

FROM DYER.

Appeal in error from the Circuit Court of Dyer county. J. T. CARTHEL, J.

A. W. CAMPBELL and LATTA & MARSHALL for Latta.

C. C. Moss for Pierce.

FREEMAN, J., delivered the opinion of the court.

At a sale of the land of C. C. Moss, made under

a decree of the chancery court at Dyersburg, in August, 1879, S. R. Latta became the purchaser. The sale was reported to the court by the clerk and master, and confirmed on the 23d of October, 1879. The title was divested out of Moss and vested in the purchaser, "and it was further ordered and decreed, if necessary, that after the 25th of December, 1879, a writ of possession issue, to the end that said purchaser be put in possession of the land."

It further appears, that at the beginning of the year 1879, Moss being in possession of the land had rented thirty acres of it to defendant Pierce, who was entitled to possession as such tenant until the 25th of December, 1879. Pierce paid Moss the rent agreed on between them for the year in November, 1879. It does not appear at what time the rent was due by the terms of the contract between Moss and Pierce.

Latta, in February, 1880, brought this suit against Pierce, claiming the right to recover the rent of the land for the year 1879, as not being due at the time of his purchase, and therefore going to him as purchaser.

The case was tried by the court without the intervention of a jury, and a judgment rendered for the defendant, from which there is an appeal in error to this court.

In a case like this, Mays v. McMickel, at this place, in 1871, we held that "it is only when the title is vested by confirmation that the purchaser is entitled to possession, and the claim of rent arose when the right of possession attaches."

We had substantially held the same principle in the case of *Armstrong* v. *McClure & Martin*, 4 Heis., 80, and subsequently in the case of *Ellis* v. *Foster*, 6 Heis., 131, 137, saying, in the latter case, it was the better practice for the court in such case to fix in the decree the right to rents accruing after confirmation.

We hold in accord with the principle of these cases, that the purchaser was only entitled to the rents from the time his right of possession accrued under the decree fixing his title, and that, having taken a decree fixing that right after the end of the year's renting, he was not entitled to recover any rent in this case, as held by his Honor, the circuit judge. Under the cases cited, he would have been entitled probably to the rents actually arising after confirmation of the purchase, had not the decree itself postponed his right of possession. The rent well might have been apportioned in this way, it being a case of rent *eo nomine*, no note having been given for the same by the tenant.

The judgment of the circuit court will be affirmed.